**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **INNOVATIVE PET PRODUCTS PTY. LTD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 20-1120-KHV |
| | ) | |
| **COSMIC PET, LLC f/k/a** | ) | |
| **HYPER PET, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER TO SHOW CAUSE

On May 6, 2020, Innovative Pet Products Pty. Ltd. sued Cosmic Pet, LLC f/k/a Hyper Pet, LLC, asking the Court to compel arbitration of certain disputes that arose out of a licensing agreement. Complaint (Doc. #1). Plaintiff also asks the Court to issue an injunction which prohibits defendant from marketing or selling products that are similar to those in the licensing agreement and orders defendant to restore plaintiff's trademark to online product descriptions. Id. Plaintiff asserts that these measures are necessary to maintain the status quo prior to arbitration. On May 6, plaintiff also filed a separate motion which requests the same injunctive relief. Preliminary Injunction And Memorandum In Support (Doc. #3). Two days later, on May 8, 2020, plaintiff filed another motion which seeks an expedited hearing on the motion for preliminary injunction or, in the alternative, immediate entry of a temporary restraining order. Motion For Expedited Hearing Or Temporary Restraining Order And Memorandum In Support (Doc. #9).

Article III of the United States Constitution limits the Court's jurisdiction to cases and controversies, which the Court must ensure *sua sponte*. Bank Of Nova Scotia v. Suitt Const. Co., 209 F. App'x 860, 861 (10th Cir. 2006) (at every stage of litigation, Court has independent obligation to ensure existence of case or controversy); Yeager v. Nat'l Pub. Radio, No. 18-4019-

SAC, 2019 WL 8272463, at *1 (D. Kan. Feb. 15, 2019).  Moreover, under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, the Court may only compel arbitration where plaintiff is aggrieved by defendant's "failure, neglect, or refusal" to arbitrate.  See Phoenix Aktiengesellschaft v. Ecoplas, Inc., 391 F.3d 433, 437 (2d Cir. 2004) (doubtful that petition to compel filed before adverse party has refused arbitration would present Article III court with justiciable case or controversy) (quoting Hartford Acc. & Indem. Co. v. Equitas Reinsurance Ltd., 200 F. Supp. 2d 102, 108 (D. Conn. 2002)); Marzano v. Proficio Mortg. Ventures, LLC, 942 F. Supp. 2d 781, 799 (N.D. Ill. 2013) (cannot order arbitration where not clear that plaintiffs had refused to arbitrate); AES Gener, S.A. v. Compania Carbones del Cesar S.A., No. 08CIV10407(WHP), 2009 WL 2474192, at *2 (S.D.N.Y. Aug. 12, 2009) (plaintiff can compel arbitration only when defendant "unequivocally" refuses to arbitrate, either by failing to comply with arbitration demand or unambiguously manifesting intention not to arbitrate); Am. Int'l Specialty Lines Ins. Co. v. A.T. Massey Coal Co., 628 F. Supp. 2d 674, 680 (E.D. Va. 2009) (no dispute unless defendant refuses to arbitrate).

Here, it is not clear that a case or controversy exists.  Both parties apparently agree that pursuant to their licensing agreement, they must arbitrate the disputes at issue.  See Plaintiff's Reply In Support [Of] Its Motion For Expedited Hearing Or Temporary Restraining Order (Doc. #11) filed May 13, 2020 at 2 (parties agree that their disputes are subject to arbitration); see also Response to plaintiff's motion for expedited hearing for temporary restraining order (Doc. #10) filed May 11, 2020 at 1 (same).  Moreover, plaintiff's allegations do not show that defendant has refused to arbitrate.  In fact, they suggest the opposite.  See Wiggins Email (Doc. #3-3) at 22 (defendant's counsel working to get three arbitrators and "will have those to [plaintiff's counsel] in the next couple days").  Although defendant apparently has not identified arbitrators

in the last month, plaintiff offers no authority for the proposition that this short delay is tantamount to a refusal to arbitrate.

Moreover, it does appear that under the Arbitration Rules of the American Arbitration Association ("AAA"),[1] suggesting arbitrators is a pre-condition for commencing arbitration. Under AAA rules, a claimant initiates arbitration by filing with the AAA a demand for arbitration, a filing fee and a copy of the arbitration agreement. Commercial Arbitration Rules and Mediation Procedures, American Arbitration Association, R-4.  Here, the record contains no evidence that plaintiff has taken these simple steps, or that defendant has prevented it from doing so.

In any event, as the Court explained above, defendant asserts that it is ready, willing and able to arbitrate the disputes at issue.  Accordingly, any dispute that may have existed is likely moot.  See Joia v. Jozon Enterprises, Inc., No. 18-365WES, 2019 WL 1226986, at *7 (D.R.I. Mar. 13, 2019) (because defendant remains ready, willing and able to arbitrate, any dispute that may have existed as to arbitration is moot).

In short, the parties appear to actually agree on the claims in plaintiff's complaint, which suggests that no case or controversy exists and that pursuant to Article III and the FAA, the Court in all likelihood lacks jurisdiction.

**It is therefore ordered that by 5:00 P.M. on May 20, 2020, plaintiff show good cause in writing why the Court should not dismiss this action for lack of jurisdiction.**

**IT IS SO ORDERED.**

Dated this 14th day of May, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL

---

[1] Pursuant to the parties' licensing agreement, they must conduct arbitration in accordance with AAA rules.  Licensing Agreement (Doc. #1-1) at 6.

-4-

United States District Judge